Adam Q. Gould OSB #02315
Adamq@epquerto.org
Gould Law Firm, P.C.
243 W. Commercial Ave.
PO Box 29
Coos Bay, OR 97420
541-269-5566
Fax: 541-269-0670
Attorney for Plaintiff

FILED 02 AUG '11 11:04 USDC-ORE

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| ADAM COLBY,<br>        Plaintiff,<br><br>        v.<br><br>COOS COUNTY, an Oregon Political<br>Subdivision, and ROBERT MAIN,<br>individually and in his official capacity<br>as Coos County Commissioner,<br>        Defendants. | Case No.: 11-6241-HO<br><br>COMPLAINT FOR<br>CIVIL RIGHTS VIOLATION<br>(42 U.S.C. § 1983)<br>DEMAND FOR JURY TRIAL |

Plaintiff alleges,

### I. JURISDICTION AND VENUE

1. This court maintains jurisdiction of this case pursuant to 28 U.S.C. § 1331 for claims arising under the Constitution and laws of the United States.

2. Jurisdiction is proper under 28 U.S.C. § 1343(3) and (4) for claims alleging a violation of civil rights.

COMPLAINT FOR CIVIL RIGHTS VIOLATION - 1

ORxC0C006709

3. Venue is proper pursuant to 28 U.S.C. § 1391(b).

## II. PARTIES

4. Plaintiff, Adam Colby, is a resident of Coos County, Oregon. Plaintiff is the former Assessor of Coos County, Oregon.

5. Defendant Coos County is an Oregon Political Subdivision.

6. Defendant Robert Main is a resident of Coos County, Oregon, and is an elected member of the Coos County Board of Commissioners.

## III. FACTUAL ALLEGATIONS

7. At all times material the actions of the Coos County Board of Commissioners, their agents, and assigns, set official County policy. At all times material the Coos County Commissioners were acting under color of law. At all times material on or before January 4, 2009, the Coos County Board of Commissioners consisted of Nikki Whitty, Kevin Stufflebean and John Griffith. At all times material on or after January 5, 2009, the Coos County Board of Commissioners consisted of Nikki Whitty, Kevin Stufflebean and Robert "Bob" Main (hereinafter referred to as "Defendant Main.") At all times material prior to January 5, 2009 Defendant Main was the Coos County Assessor. At all times material, Defendant Main was acting under color of law.

8. On or about July 1, 2006, Plaintiff was hired by Defendant Main, then Coos County Assessor, to the position of Property Appraiser II within the Coos County Assessor's office.

COMPLAINT FOR CIVIL RIGHTS VIOLATION - 2

9. On or about January 24, 2007, Plaintiff was promoted to the position of Appraiser III within the Coos County Assessor's office.

10. On or about May 20, 2008 Plaintiff was elected to the position of Coos County Assessor by a vote of the citizens of Coos County. The election was certified on or about June 3, 2008. Defendant Main did not seek reelection as Assessor in this election because he was running for the office of Coos County Commissioner. Defendant Main would remain Assessor, and Plaintiff Assessor-elect, through January 4, 2009.

11. On or about June 1, 2008, Plaintiff was promoted to the position of Chief Deputy Assessor.

12. On or about September 29, 2008, Plaintiff requested the Coos County Board of Commissioners conduct an investigation into a number of personnel-related matters within the Coos County Assessor's office.

13. On or about September 30, 2008, the Coos County Board of Commissioners placed Plaintiff on administrative leave at the request of Defendant Main.

14. On or about September 30, 2008, Defendant Main asked the Coos County Board of Commissioners to fire Plaintiff. The Commissioners refused Defendant Main's request.

15. On or about May 20, 2008, Defendant Main was elected to the position of Coos County Commissioner.

16. On or about January 5, 2009 Plaintiff was sworn in to the position of Coos

COMPLAINT FOR CIVIL RIGHTS VIOLATION - 3

County Assessor and Defendant Main was sworn in to the position of Coos County Commissioner.

17.     On or about March 31, 2010 Plaintiff terminated non-union Assessor's office employee Christina Crabill (AKA Christina Karsen).  The Coos County Board of Commissioners immediately rehired Ms. Crabill and placed her on administrative leave.

18.     The Coos County Board Commissioners asked Portland, Oregon attorney Jill Goldsmith to conduct an investigation and report, purportedly into the termination of Ms. Crabill.  Ms. Goldsmith conducted interviews of various county officials and Assessor's office employees between April 7, 2010 and May 5, 2010.

19.     On or about May 5, 2010, Plaintiff, through his attorney, requested to meet with the Coos County Board of Commissioners to review and evaluate the performance of Plaintiff as Assessor, and to discuss matters involving litigation and potential litigation by Assessor's office personnel.  This request was denied.

20.     On or about June 12, 2010 Plaintiff released to the public thousands of sexually explicit, racist and offense emails that were generated by Coos County and Coos County Assessor's office employees while Defendant Main was Assessor.

21.     On or about June 29, 2010 the Coos County Board of Commissioners sent to Plaintiff a letter purportedly in response to a final report submitted by Ms. Goldsmith following Ms. Goldsmith's investigation described in paragraph 18, above.  The Coos County Board of Commissioners released the letter to the public on July 7, 2010.  The

COMPLAINT FOR CIVIL RIGHTS VIOLATION - 4

letter contained several false statements concerning the management style and behavior of Plaintiff. The letter falsely accused Plaintiff of costing the county over $200,000.00 in expenses. In some instances, the letter misrepresented findings made by Ms. Goldsmith in her report. In other instances, the letter restated findings that the Board of Commissioners knew or had reason to know where not true. In the letter the Board of Commissioners unilaterally revoked Plaintiff's right to hire, fire, discipline, and manage his employees.

22. On or about July 17, 2010 a petition for the recall of Plaintiff was filed. Over approximately the next four months, supporters of the recall launched an aggressive recall campaign against Plaintiff. Recall supporters wrote several letters that were published in local newspapers. In the letters and in other documents produced by recall supporters were repeated references to the Board of Commissioners' letter described in paragraph 21, above.

23. The Board of Commissioners refused to release Ms. Goldsmith's full report as requested by Plaintiff and other citizens of Coos County. A redacted version of the report was released on or about November 24, 2010.

24. At no time was Plaintiff afforded the opportunity to confront witnesses or offer evidence concerning the allegations made against him in the Goldsmith report or the Commissioners' letter.

25. Plaintiff was recalled by a vote of the Coos County citizens on December 7,

COMPLAINT FOR CIVIL RIGHTS VIOLATION - 5

2010. Defendant Main publically supported the recall of Plaintiff.

## IV.    CLAIMS FOR RELIEF(42 USC § 1983)

FIRST CLAIM FOR RELIEF

(Against Defendant Coos County)

26.    Plaintiff realleges paragraphs 1-25.

27.    Plaintiff's public release of emails described in paragraph 20, above, and accompanying statements made during the release, was an exercise of Plaintiff's constitutionally protected free speech.

28.    The contents of the Board of Commissioners' letter to Plaintiff described in paragraph 21, above, and public release of the letter and redacted version of the Goldsmith report, was in direct retaliation against Plaintiff for his above-referenced exercise in constitutionally protected free speech.

29.    Defendant Coos County deprived Plaintiff of his civil rights guaranteed by the 14th Amended of the United States Constitution by retaliating against his exercise of constitutionally protected free speech.

30.    Defendant Coos County's deprivation of Plaintiff's civil rights was a substantial factor in causing Plaintiff harm, and as a result Plaintiff suffered damage, both economic and non-economic, in amounts to be determined at the time of trial.

31.    Plaintiff's retaliation claim is actionable pursuant to 42 U.S.C. § 1983.

32.    Plaintiff is entitled to his reasonable attorney's fees pursuant to 42 U.S.C. §

1988(b).

## SECOND CLAIM FOR RELIEF

(Against Defendant Coos County)

33.     Plaintiff realleges paragraphs 1-25.

34.     The Board of Commissioner's letter to Plaintiff described in paragraph 21, above, and the redacted Goldsmith report released by Defendant, were defamatory.

35.     Plaintiff, as Assessor, had a constitutionally protected liberty interest in his ability to manage the Assessor's office he was elected to lead, and to manage, hire, fire, and discipline Assessor's office employees.

36.     Defendant Coos County deprived Plaintiff of this liberty interest in combination with the release of a defamatory letter and/or defamatory redacted Goldsmith report, without providing Plaintiff with pre-deprivation notice and opportunity for hearing and/or constitutionally sufficient post-deprivation due process, in violation of the 14th Amendment to the U.S. Constitution.

37.     Defendant Coos County's deprivation of Plaintiff's civil rights was a substantial factor in causing Plaintiff harm, and as a result Plaintiff suffered damage, both economic and non-economic, in amounts to be determined at the time of trial.

38.     Plaintiff's due process claim is actionable pursuant to 42 U.S.C. § 1983.

39.     Plaintiff is entitled to his reasonable attorney's fees pursuant to 42 U.S.C. § 1988(b).

THIRD CLAIM FOR RELIEF

(Against Defendant Main)

40. Plaintiff realleges paragraphs 1-27.

41. Plaintiff's request for an investigation of the Assessor's office in September of 2008, as described in paragraph 12, above, was an exercise of Plaintiff's constitutionally protected free speech, in addition to his free speech described in paragraphs 20 and 27, above.

42. Defendant Main's participation in drafting the contents of the Board of Commissioners' letter to Plaintiff described in paragraph 21, above, and his participation in the public release of the letter and redacted version of the Goldsmith report, was in direct retaliation against Plaintiff for Plaintiff's above-referenced exercise in constitutionally protected free speech.

43. Defendant Main deprived Plaintiff of his civil rights guaranteed by the 14th Amended of the United States Constitution by retaliating against Plaintiff's exercise of constitutionally protected free speech.

44. Defendant Main's deprivation of Plaintiff's civil rights was a substantial factor in causing Plaintiff harm, and as a result Plaintiff suffered damage, both economic and non-economic, in amounts to be determined at the time of trial.

45. Plaintiff's retaliation claim is actionable pursuant to 42 U.S.C. § 1983.

46. Plaintiff is entitled to his reasonable attorney's fees pursuant to 42 U.S.C. §

1988(b).

## V. RELIEF

**WHEREFORE**, Plaintiff prays for judgment as follows:

    1.    An award of lost wages, fringe benefits and prejudgement interest on such lost wages and benefits and lost future wages and fringe benefits in an amount to be determined at trial.

    2.    An award of non-economic damages in an amount to be determined at trial.

    3.    An award of costs and reasonable attorney's fees.

    4.    Any other relief the court deems proper.

Dated this 2nd day of August, 2011

                                    s/ Adam Q. Gould
                                    ADAM Q. GOULD
                                    OSB #02315
                                    (541) 269-5566
                                    Attorney for Plaintiff